UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| DALTON BRADSHAW, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 20-82-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR JOYNER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dalton Bradshaw[1], a federal inmate confined at the United States Penitentiary – Big Sandy in Inez, Kentucky, has filed a *pro se* petition for a writ of habeas corpus to challenge the Bureau of Prisons' computation of his prior custody credits. [Record No. 1] The Court has conducted the initial screening required by 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny the petition because: (1) Bradshaw failed to properly exhaust his administrative remedies and (2) the petition is without merit.

Beginning in the fall of 2012, Bradshaw was charged in ten different criminal actions in Mesquite, Texas. More specifically, Bradshaw was charged:

(1) in Case No. MA-1242528, with possession of marijuana, for which he was sentenced to nine days imprisonment in October 2012;

(2) in Case No. F-1340405, with criminal mischief for intentionally ramming into another car with his own, charges that were dismissed by the prosecution in April 2014;

---

[1] Bradshaw's first name is spelled "Dalten" in the docket, but the Bureau of Prisons' online Inmate Locator database (https://www.bop.gov/inmateloc/) indicates that the correct spelling is "Dalton." The Court will direct the correction of the docket.

(3) in Case No. F-1340406, with criminal mischief for intentionally ramming into yet another car with his own, charges that were dismissed by the prosecution in April 2014;

(4) in Case No. MA-1340481, with criminal mischief for intentionally ramming into another car with his own, for which he was sentenced to 90 days imprisonment in May 2014;

(5) in Case No. F-1340488, with deadly conduct in the third degree for discharging a firearm into an occupied residence, for which he was sentenced to five years imprisonment in April 2014;

(6) in Case No. F-1340489, with deadly conduct in the third degree for discharging a firearm into yet another occupied residence, for which he was sentenced to five years imprisonment in April 2014;

(7) in Case No. F-1340563, with burglary of a habitation, from which he stole numerous firearms, and for which he was sentenced to five years imprisonment in April 2014;

(8) in Case No. F-1440317, with possession of cocaine, charges that were dismissed by the prosecution in May 2014;

(9) in Case No. F-1440318, with possession of marijuana, for which he was sentenced to two years imprisonment in May 2014; and

(10) in Case No. MB-1340580, with theft of property, for which he was sentenced to 45 days imprisonment in May 2014.

*See* https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last visited on June 19, 2020).[2]  Each of the felony judgments was memorialized on a form which states that "[t]his sentence shall run concurrently," but none specified the other judgments to which that concurrency was to be applied.

---

[2]   A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).  Such records and information on government websites are self-authenticating.  *See* Fed. R. Evid. 902(5); *Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013).

When Bradshaw was arrested in September 2012 by local authorities for the drug offenses described in paragraphs (8) and (9) above, he was one of several persons who possessed narcotics that apparently were packaged for resale. Federal authorities became involved n March 2013, when Bradshaw was arrested for the offense described in paragraph (7) above for stealing several firearms from a residence. Two months later, Bradshaw and eight others were charged with federal firearms offenses. Bradshaw was taken into federal custody on May 15, 2013 pursuant to a writ of habeas corpus *ad prosequendum*, and remained in federal custody until his sentencing.[3]

Bradshaw promptly reached an agreement with the government to plead guilty to conspiracy to steal firearms and possession of stolen firearms in violation of 18 U.S.C. §§ 371, 922(j), 924(a)(2). In March 2014, the trial court sentenced Bradshaw to 108 months imprisonment. The corresponding Judgment explained that:

> This sentence shall run concurrently to any sentence imposed in the defendant's pending charge of Burglary of a Habitation, Case No. F-1340563, because it is related to the instant offense. The Court also orders the defendant's federal sentence to run consecutive to any sentences imposed in the six remaining pending charges under Case Nos. F-1340405, F-1340406, MA1340481, F-1340488, F-1340489, and MB1340580, because this (*sic*) charges are not related to the instant offense.

---

[3]   Bradshaw has asserted in prior filings with the BOP and in other courts that, in May 2013, he was free on bond when he was arrested by federal, rather than state, authorities, thus vesting the federal government with "primary jurisdiction" over him. *Cf.* [Record No. 1-1 at 1-2] That assertion is not correct. In Case No. F-1340563, Bradshaw was initially granted bond on March 2, 2013, but after the new charges were filed in Case Nos. F-1340405 and F-1340406, on May 6, 2013, the prosecution sought and obtained a court order revoking his bond and Bradshaw was arrested two days later. He remained confined in the Dallas County Jail until he was transferred to federal custody pursuant to the writ of habeas corpus *ad prosequendum*.

*United States v. Bradshaw*, No. 3: 13-CR-155-M-1 (N.D. Tex. 2013) [Record Nos. 1, 74, 80, 277 therein]. Bradshaw was then returned to state custody.

In April and May 2014, the Texas courts sentenced Bradshaw to five years imprisonment on the burglary charge in Case No. F-1340563, five years imprisonment each on the two deadly conduct charges in Case Nos. F-1340488 and F-1340489, and two years imprisonment on the drug possession charge in Case No. F-1440318. Those sentences to run concurrently with one another.

Bradshaw sent a letter in October 2019 to the federal sentencing court indicating that Texas authorities had released him to parole on March 9, 2017 after he had served approximately four years of his state sentences. At that point, he was taken into custody by the BOP, which commenced the running of his federal sentence. Bradshaw sought an order from the trial court directing the BOP to credit the time he spent in Texas prisons against his federal sentence. He argued that, because (1) his federal sentence was to run concurrently with his anticipated Texas sentence for burglary in Case No. F-1340563, and (2) the Texas courts ordered all of his state sentences to run concurrently with one another, the time he spent in Texas custody serving all of his Texas sentences (from May 13, 2013 to March 9, 2017) should have been "concluded in my federal sentence," notwithstanding express language in the federal judgment to the contrary. The trial court denied Bradshaw's motion for lack of jurisdiction because the relief he sought must be pursued in a habeas corpus petition under § 2241. [Record No. 333, 334 therein]

By April 2019, Bradshaw had already begun making a distinct but related argument to the BOP regarding the calculation of his sentence. Bradshaw sought relief pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), in his grievance, arguing that he was arrested in May

2013 by federal authorities, and therefore vesting the federal government with primary jurisdiction over him. The BOP denied this grievance, noting that the federal court directly ordered his federal sentence to run consecutively to all but one of his state sentences. Bradshaw appealed to the BOP's Central Office; however, in April 2020 his appeal was rejected because he did not include copies of the necessary documents. The BOP gave Bradshaw 15 days to resubmit his appeal. [Record No. 1-2 at 1-7] Bradshaw asks this Court to excuse his failure to comply with the BOP's direction because he does not possess the necessary copies. [Record No. 1-3]

Bradshaw did not fully and properly exhaust his administrative remedies, and fails to establish sufficient cause to excuse that failure. A federal prisoner may seek habeas relief under Section 2241 after he exhausts administrative remedies within the Bureau of Prisons. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006). Bradshaw's final appeal was rejected because he did not include copies of his initial grievance, his appeal to the regional office, or the BOP's responses thereto. The Central Office provided him with an opportunity to address that procedural shortcoming [Record No. 1-2 at 1], but Bradshaw failed to comply. If Bradshaw did not possess the necessary copies to comply, he should have advised the Central Office and requested more time to obtain them. Instead, he filed suit in this Court. Because the Central Office's April 10, 2020, rejection notice did not constitute a final denial of Bradshaw's grievance, *see* 28 C.F.R. § 542.17(b), (c), § 542.18, he has failed to exhaust his administrative remedies.

But more importantly, the BOP also concluded correctly that Bradshaw is not entitled to the credit he seeks. Calculation of a federal sentence is governed by statute:

(a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements § 3585 through Program Statement 5880.28.

Under Section 3585(a), Bradshaw's sentence commenced when he was received into federal custody on March 9, 2017.[4] Because Bradshaw seeks credit for time he spent in

---

[4] Bradshaw briefly asserts that his federal sentence should have commenced on the day it was imposed. [Record No. 1-1 at 4] Bradshaw never made this argument in his grievances to the BOP, and it is therefore entirely unexhausted. It is also wholly meritless: Bradshaw was first arrested by Texas police, not federal authorities, and he was on loan from Texas when his federal sentence was imposed. And the federal judgment itself required that his federal sentence be served only after he had completed service on any Texas sentences imposed for six state crimes.

Bradshaw also argues that the federal court lacked jurisdiction to order its sentence to run consecutively to a sentence anticipated to be imposed in the future by the State of Texas under "*Setzner*." The Court assumes Bradshaw is referring to the Supreme Court's decision in *Setser v. United States*, 566 U.S. 231 (2012), but in that case the Supreme Court expressly held that a federal court *does* have the authority to order its sentence to run consecutively to an anticipated state sentence that has not yet been imposed. *Id*. at 236-37. This argument is therefore without merit. More fundamentally, it does not challenge the BOP's execution of Bradshaw's sentence but the sentence itself. Bradshaw therefore was required to pursue it on direct appeal or in a collateral attack upon his sentence, not in this § 2241 proceeding.

custody preceding this date, its availability is governed by Section 3585(b). However, because the time period Bradshaw spent in state prison was credited against the sentence imposed by the Texas courts for his state crimes, it may not be "double counted" against his federal sentence. *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014); *Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003).

Bradshaw contends in the alternative that, pursuant to *Barden*, he is entitled to have the BOP retroactively designate the Texas prison as the place for service of his federal sentence. The BOP properly rejected this request because *Barden* does not apply to his circumstances. In *Barden*, a state court had ordered that the defendant should serve its sentence concurrently with a federal sentence that had previously been imposed but had not yet commenced. But § 3585(a) and the Supremacy Clause rendered the state court's order of concurrency ineffective. *Barden*, 921 F.2d 480 (*citing Gomori v. Arnold*, 533 F.2d 871, 875 (3d Cir.), *cert. denied*, 429 U.S. 851 (1976)). The Third Circuit therefore judicially crafted a remedy by holding that the BOP could give practical effect to the state court's intent by designating the state prison as the place for service of the federal sentence retroactive to the date the state sentence was imposed. *Id*. at 479-81.

*Barden* is distinguishable in two critical respects. First, Bradshaw's federal judgment was not silent regarding concurrency – it expressly ordered that he serve his federal sentence consecutively to all but one of his state sentences. Second, *Barden* does not apply because the Texas judgments indicated that the sentences imposed should be served concurrently with one another, but said nothing about the federal judgment. Even had they done so, such an order would be unenforceable: while "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding

on federal courts or the BOP." *United States v. Allen*, 124 F. App'x 719, 720 (3d Cir. 2005) (*citing Barden*). The BOP therefore acted properly and in conformity with both the federal judgment in Bradshaw's case and applicable law by denying his request for additional prior custody credits. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall update the docket to reflect the correct spelling of petitioner's name as "Dalton Bradshaw."

2. Dalton Bradshaw's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

Dated: June 22, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky